Nugent v. Bates.

REVERSED.

## NUGENT v. BATES ET AL.

1. **Taxation: RESIDENCE: ASSESSMENT.** Where a residence is once acquired it is presumed to continue until there is satisfactory evidence of abandonment, and the mere fact that a man has gone elsewhere and entered into business, while permitting his family to remain, does not constitute such evidence, nor will it relieve him from assessment there upon his personal property.

2. ————: ————: ————. The fact that a person does not know he has been assessed will not avail to relieve him from the consequences of his negligence in failing to appear before the board of equalization to have his assessment corrected if it should be erroneous.

*Appeal from Mahaska District Court.*

SATURDAY, APRIL 26.

THE petition states that in September, 1874, the plaintiff was a resident of Chicago, and continued to be such until May,

1876; and that during said year, previous to May, he was not the owner of any personal property in the State of Iowa; that in January or February, 1876, "the assessor of the town of Osceola, Clarke county, Iowa, fraudulently, wrongfully and unlawfully" assessed the plaintiff as the owner of eleven thousand nine hundred and ninety-four dollars' worth of personal property, and the same was duly returned and taxes levied thereon; "that said assessor listed and made said assessment to cheat, and defraud and oppress plaintiff, and without authority of law, and that plaintiff had no knowledge of the acts of said assessor until long after the equalization board of the town of Osceola had finally adjourned; that during the whole of the year 1876 the plaintiff was insolvent, and his indebtedness exceeded his credits and assets;" that plaintiff appeared before the town council of said Osceola, and also before the board of supervisors, and asked them to "release and annul" the taxes assessed on said property, which they refused to do. An injunction was asked restraining the collection of said taxes, and that the same be made perpetual.

The answer denied all the material allegations of the petition, and alleged the plaintiff was a resident of said town, and also that he was in fact the owner of certain moneys and credits of the value fixed by the assessor. The answer was supported by affidavits, and so was the petition.

The injunction was dissolved on motion, and the plaintiff appeals.

*O. C. G Phillips* and *Williams & McMillen*, for appellant.

*C. C. McIntire* and *Lafferty & Johnson*, for appellees.

SEEVERS, J.—The appellees do not dispute the proposition that if the appellant was a resident of Chicago he was not taxable in this State. The plaintiff is married, and from 1871 resided with his family in the town of Osceola, in this State, until he claims to have moved to Chicago in September, 1875, which is not disputed.

1 TAXATION: residence: assessment.

This latter date is stated in the petition to have been in 1874, but this must be a mistake, as the plaintiff in his affidavit states it was in 1875.

The family continued to reside at Osceola after September, 1875, there being no change in this respect except that the plaintiff was absent. He was in Osceola with his family at least once. This was in December, 1875, and how long he remained, or for what purpose he returned, does not appear.

Affidavits were filed by the plaintiff which, in terms, state that he was a resident of Chicago from September, 1875, until after January, 1876. Such affidavits are not entitled to consideration because they state mere legal conclusions. The affidavits in effect merely state what, in their judgment, the law is.

The plaintiff states that he was a resident of Chicago at the time the assessment was made, and that he had been such since September, 1875, and further states: "I had at said time permanently located, as I supposed; had sold out my business in Clarke county, and was doing business in Chicago and no other place; that at the time I was assessed had all my arrangements made to move my family to Chicago, where I at that time was in business, and had purchased property; but owing to the failure of the bank at Osceola I was unable to carry out the plans. I had to let the trade go, as the bank was my security."

"The place where a married man's family resides is generally to be deemed his domicile. But the presumption from this circumstance may be controlled by other circumstances; for if it is a place of temporary establishment only for his family, or for transient objects, it will not be deemed his domicile." If his "family is fixed in one place, and he does business in another, the former is considered the place of his domicile." Story's Conflict of Laws, § 46.

When a residence is once acquired it is presumed to continue until there is satisfactory evidence of abandonment. *In Matter of Nichols,* 54 N. Y., 62. The only evidence of

the abandonment of the residence which had been acquired in Osceola is that the plaintiff had gone to Chicago, purchased property, and gone into business with the intention of permanently locating there. But his family continued to reside in Osceola, as they had before the plaintiff went to Chicago. It is not claimed any preparations had been made for removal. To all appearances the family was permanently located in Osceola. We are of the opinion, under these circumstances, the plaintiff was a resident of Osceola, and rightly assessed and taxed there to the extent of the personal property owned by him. This view is sustained by *Bell v. Pierce,* 51 N. Y. 12; *Carroll v. Inhabitants of Freetown,* 9 Gray, 357; *Buckley v. Inhabitants of Williamstown,* 3 Gray, 463; *Otes v. City of Boston,* 12 Cush., 44.

The assessment may have been for too much. If so it was erroneous merely, and not void. Being a resident and liable 2. ——: ——. to taxation, the plaintiff's only remedy in such ——. case was to appear before the board of equalization and have the same corrected, and if the board refused to do so appeal therefrom. *Macklot v. City of Davenport,* 17 Iowa, 379.

The fact that plaintiff had no knowledge of the assessment until after the board adjourned makes no difference. The law has provided a tribunal, time and place for the correction of erroneous assessments, and this every person is bound to know, and he must attend before such tribunal or whatever rights he may have will be deemed waived.

There is no reason for continuing the temporary injunction to the hearing. There is not the slightest evidence of fraud, and as to the question of residence we have only considered the undisputed facts and the showing made by the plaintiff.

AFFIRMED.