## FULLER v. McDONNELL *et al.*

1. **Intoxicating Liquors:** NUISANCE: INJUNCTION: CITIZENSHIP OF PLAINTIFF. A Methodist clergyman, who resides in a county in this state for the purpose of preaching there for one year under appointment of the bishop of his church, but subject to removal at any time by order of the bishop, is a citizen of the county within the meaning of the statute authorizing any citizen of the county to maintain an action for the abatement of a liquor nuisance.

2. **Citizenship:** WHO IS CITIZEN. Any male person over twenty-one years of age, who has his present home and domicile in any county, although it may be for a temporary purpose, is a citizen of that county, provided he has a fixed intention of remaining there for an indefinite period of time, and has no home, domicile or right of citizenship elsewhere.

*Appeal from Palo Alto District Court.*—HON. GEORGE H. CARR, Judge.

FILED, SEPTEMBER 10, 1888.

ACTION to restrain a nuisance caused by the selling and keeping for sale intoxicating liquors. Judgment for the plaintiff, and the defendants appeal.

*P. O. Cassidy,* for appellants.

*John Jenswold,* for appellee.

SEEVERS, C. J.—The petition states that the plaintiff is a citizen of Palo Alto county, and whether this has been established by the evidence is the first proposition discussed by counsel for appellants. The plaintiff is a Methodist clergyman, and a native of the state of Massachusetts, and testifies as follows: "My object in coming to Palo Alto county was to preach the gospel under the auspices of the Methodist Episcopal Society. I was transferred here through the bishop. He sent me to Emmetsburgh. The bishop disposes of the work of

the clergymen under him. When I came to Palo Alto county it was my intention to live here permanently within the limitations of my church as long as the bishop directed me to ; in other words, the bishop has absolute power to change at his will. When I came to Palo Alto county it was my intention to remain here until properly removed by the authorities under which I was working ; and if the authorities would to-day issue an order to me to remove to some other place, I would do it. My appointment in Emmetsburgh is only for one year." It is provided by statute that "any citizen of the county" may maintain an action to enjoin a nuisance of the character referred to in the petition. Counsel for appellants insists that a citizen must be a voter, but this does not follow ; and therefore we decline to determine such question. Any male person over twenty-one years of age is a citizen, who has his present home and domicile in any county, although it may be for a temporary purpose, provided he has a fixed intention of remaining there for an indefinite period of time, and has no home, domicile, or right of citizenship elsewhere ; and such we understand to be the position of the plaintiff.

Counsel for appellants also insist that there is no sufficient evidence to warrant the judgment of the court as to one of the defendants, but we think otherwise. It is not our custom to set out the evidence, and we deem it sufficient to say that it fully sustains the judgment.

AFFIRMED.