OF

## THE STATE OF IOWA

AT

## DES MOINES, OCTOBER TERM, A. D. 1900.

AND IN THE FIFTY-FOURTH YEAR OF THE STATE.

---

THE STATE OF IOWA, EX REL., W. H. KILLPACK as County Attorney of Pottawattamie County, Appellant, v. JAMES E. HEMSWORTH.

**Vacancy in Office:** REMOVAL OF INCUMBENT FROM TOWNSHIP. A justice of the peace for a certain township, having agreed with the non-resident owner of a farm situated in an adjoining township to repair the fences and mow the weeds, moved his family and personal effects onto the farm, and remained there over two months, and until such work was done, having rented his house in the first township for two months. His intention was always to come back as soon as the work was done. *Held,* that he had not lost his residence in the first township, within Code, section 1266, providing that every civil

NOTE—The figures on the left of the syllabi refer to corresponding figures on the margin of the case at the place where the point of the syllabi is decided.

office shall become vacant on the incumbent ceasing to be a resident of the state, district, county, or township, for which he was elected, and hence his office did not become vacant by reason of his absence.

**Oral General Denial:** ACTION TO OUST OFFICER. Where a justice, in an action to oust him from his office on the ground that he vacated the same by absence from the township, files no answer, but appears at the trial and states orally that he desires to make a general denial, he is entitled to have his claim to the office considered.

*Appeal from Pottawattamie District Court.*—HON. W. R. GREEN, Judge.

WEDNESDAY, OCTOBER 3, 1900.

NOVEMBER 25, 1899, this action was commenced to oust the defendant from the office of justice of the peace in and for the township of Neola, in Pottawattamie county, Iowa, and to establish Riley Clark therein. Judgment was rendered dismissing the petition, and plaintiff appeals.—*Affirmed.*

*W. H. Killpack* in *pro. per.*

*James E. Hemsworth pro se.*

GIVEN, J.—I. The defendant, for many years a resident and citizen of the town of Neola, in Neola township, Pottawattamie county, was elected and qualified as a justice of the peace in said township. He was agent for the nonresident owner of a certain farm in Minden township, in said county, situated a mile and one-half from the village of Neola. Defendant had agreed with the owner of the farm to repair the fences and to mow the weeds. The dwelling house on the farm being vacant, the defendant, about August 12, 1899, moved his family and all his personal effects, including the books and papers pertaining to said office, to said house on the farm, and continued to live there until a few days after the general elec-

tion in November, 1899, when he returned with his family and effects to his house in Neola. Before moving to the farm he rented his house in Neola for two months, and gave possession to his tenant. The authorities, assuming that the office of justice of the peace became vacant by reason of said removal of defendant, took steps for the election of a successor, and Mr. Clark was elected and gave bond.

II.   Section 1266 of the Code provides as follows: "Every civil office shall become vacant upon the happening of either of the following events: * * *   (3) The incumbent ceasing to be a resident of the state, district, county, township, city, town, or ward by or for which he was elected or appointed, or in which the duties of his office are to be exercised." Did the defendant cease to be a resident of Neola township, within the meaning of this section? As he was elected by and for that township, and as the duties of his office are required to be exercised therein, if he had ceased to be a resident of the township, within the meaning of this section, clearly the office was vacant. "The intention of the party and his acts are to be considered in determining the question, and they must concur in order to fix the fact of residence." *Cohen v. Daniels,* 25 Iowa, 89. The defendant testifies, "My intention was always to come back as soon as the work was done," and in this he is corroborated by the undisputed facts. True, he remained beyond the two months for which he rented his house, but this was, in part at least, because of his sickness. Every person has a legal residence somewhere, and the last one acquired continues until his acts and intention concur to fix it elsewhere. Defendant was a resident of one or the other of these townships. Clearly, it was not of Minden township, as his purpose was to leave that township as soon as the temporary object was accomplished. *State v. Minnick,* 15 Iowa, 124. There are neither acts nor intention in this case to fix the residence of the defendant in Minden township. *Vaderpoel v. O'Hanlon,* 53 Iowa, 246. Plaintiff cites *Nugent v. Bates,* 51 Iowa, 77, and *Fitzgerald*

*v. Arel,* 63 Iowa, 104, recognizing that one may be an actual resident of one place and a legal resident of another, and contends that the residence contemplated in said section 1266 must be both legal and actual, and that defendant became an actual resident of Minden township, and therefore the office became vacant, though he retained a legal residence in Neola township. The facts in those cases are different from these. In *Nugent v. Bates, supra,* the plaintiff acquired a residence in Osceola, Clarke county, Iowa. In September, 1875, he went to Chicago, and engaged in business, intending in time to remove his family, which he had left in Osceola, to Chicago, and to make that city his permanent home. The family continued to reside in Osceola, and it was held that the plaintiff was properly assessed on his personal property in Clarke county. In *Fitzgerald v. Arel, supra,* the defendant, a resident of Des Moines county, went with his family to Palo Alto county, intending to remain until he completed a job of work in the construction of a railway, and rented a house and set up housekeeping. It was held that he became an actual resident of Palo Alto county, and might be sued therein before a justice of the peace, under a section of the statute (section 4476, Code) giving jurisdiction, "except against actual residents of any other county." It is said in that case: "Every case must be determined upon its facts and with due regard to the object which the statute was designed to accomplish." We think, in view of the temporary purpose and fixed intention with which the defendant went to Minden township, it cannot be said that he became either an actual or legal resident of that township, or that he ceased to be a resident of Neola township, within the meaning of said section 1266. To so hold would be to say that every public officer who, however temporarily, becomes an actual resident for any purpose without the territory for which he was elected or appointed thereby vacates his office. Surely, such was not the legislative intent.

III.   The defendant filed no answer, but appeared at the trial, and stated orally that he desired to make a general denial.   Plaintiff now insists that under this state of the record the defendant is not entitled to have his claim to the office considered by the court.   This contention does not appear to have been made on the trial below, but, if it was, it is sufficient answer to say that the defendant has brought no action to establish himself in the office, but is defending against this action to oust him from it.   The judgment of the district court is AFFIRMED.

GRANGER, C. J., not sitting.