In the Matter of the Estate of WILLIAM MURRAY, Deceased. W. C. SCRIMGEOUR, Administrator, Appellant, v. ALEXINE MURRAY CHASE ET AL.

**Estates of decedents:** RESIDENCE: EVIDENCE. On the question of the residence of a decedent for the purpose of administration of his estate, it appearing that decedent was injured and afterward removed to another county where he died and administration was granted, evidence of his intention to permanently remove from the place where he was injured was competent on the question of whether his removal to the latter place was voluntary.

**Same.** Where one has formed a definite intention to change his place of residence, which is carried out with no intention of returning, it is immaterial that he had no intention of permanently remaining in the new location, at which his death occurred, so far as the right of administration of his estate in the county was concerned.

**Evidence:** COMMUNICATIONS WITH DECEDENT: CONCLUSION. A decedent's divorced wife, not a party to a proceeding in relation to the settlement of his estate nor in any way interested therein, is not disqualified from testifying to the contents of letters written by deceased, which she had read, bearing upon his intention to change his place of residence. It was also proper for her to state whether deceased was conscious when she saw him at a certain time and place, as it related to a fact within her observation and was not therefore a conclusion.

**Settlement of estates:** SUPPLEMENTARY PROCEEDINGS: RELIEF. In this proceeding administration was granted where decedent died, and his property was distributed. It was also afterward granted in another county where he formerly lived and claims were there filed against the estate and proceedings brought to reach property in the hands of the distributees. *Held,* that upon a finding that decedent was not a resident of the latter county it was proper to dismiss the proceedings without cancelling the letters of administration, where the same was no part of the relief asked.

*Appeal from Tama District Court.*—HON. J. M. PARKER,
Judge.

WEDNESDAY, JANUARY 12, 1910.

IN a proceeding in probate to subject the property of
the deceased in the hands of the defendants to the payment
of a claim against the estate, the court, after hearing the
evidence, denied the relief prayed, and the administrator
appeals.—*Affirmed.*

*Tom H. Milner,* for appellant.

*C. W. E. Snyder,* for appellees.

McCLAIN, J.—The decedent, William Murray, died
intestate at the home of his daughter, Mrs. Baker, at Belle
Plaine, in Benton County, on the 20th day of November,
1906. Letters of administration on his estate were granted
in that county, and his property distributed to his two
daughters, Mrs. Baker and Mrs. Chase, both defendants in
this case. Subsequently letters of administration on the
estate were granted in Tama County, where deceased had
formerly resided, and this plaintiff was appointed adminis-
trator. A claim against the estate being filed with the court
in Tama County and allowed by the administrator, pro-
ceedings were instituted against the two defendants above
named and others to subject property of the deceased in
their hands to the payment of said claim. Defendants
pleaded want of jurisdiction of the court to grant adminis-
tration in Tama County, alleging that decedent was a resi-
dent of Benton County at the time of his death, and that
his estate had been properly distributed in the probate
proceeding previously had in that county. After hearing
evidence as to the residence of deceased at the time of his

death, the court dismissed the proceedings against these defendants.

If decedent was in fact a resident of Benton County when he died, the distribution of his estate in the proceeding in Benton county was proper, and the court rightly refused to interfere with the disposition of decedent's property regularly made in that proceeding. The question to be determined was one of fact, and the finding of the court is entitled to the force and effect of the verdict of a jury as to the facts, and should not be interfered with on this appeal, if there is any evidence in its support. Some years prior to his death decedent had lived in Belle Plaine in Benton County, but, on being divorced from his wife, had removed to Clutier in Tama County, where he engaged in the business of buying and shipping chickens. On November 15, 1906, he received a severe injury, which finally resulted in his death. On November 17th he was visited at his rooms in Clutier by his daughter, Mrs. Baker, and his former wife, and arrangements were made by them for his removal to Belle Plaine, and on the morning of the 18th he arrived in Belle Plaine, remaining in the home of his daughter Mrs. Baker until his death. The real controversy in the trial court was as to whether deceased voluntarily and consciously went to Belle Plaine with the purpose of abandoning his residence at Clutier, and thereby became a resident of Benton County, so that the probate court of that county properly entertained jurisdiction to administer his estate.

There was evidence tending to show that prior to receiving his injury decedent had definitely planned to close up his business at Clutier and go to live with his daughter 1. ESTATES OF at Belle Plaine, and that he had so far acted DECEDENTS: in carrying out this intention as to pack up residence: evidence. his personal belongings in readiness to go to Belle Plaine within a few days when he was injured. The evidence also tends to show that decedent consciously

and voluntarily assented to his removal to Belle Plaine by his daughter and his former wife, and that, after reaching the home of his daughter, he knew where he was, and acquiesced in such removal. Counsel for appellant argue that the intent to remove formed while in Clutier was immaterial, as residence can not be determined by intent alone, but we think it was entirely competent to show the intent to remove as bearing on the question whether the subsequent removal was voluntary and in accordance with a purpose to change his residence to Belle Plaine. If there was an intent to remove and a voluntarily removal in substantial accordance with that intent, it would be immaterial that the removal was accompanied by circumstances or took place under conditions not originally anticipated.

It is argued that the expressions of purpose on the part of decedent did not indicate an intent to make Belle Plaine his permanent home, but that the purpose was, on the other hand, to remain for a time with the daughter at Belle Plaine, and afterward with the other daughter, Mrs. Chase, at Clinton. But, if there was a definite intention to abandon his residence at Clutier, and such residence was in fact abandoned without any intention to return, then it would be immaterial how long he intended to remain at Belle Plaine. *Fuller v. McDonnell,* 75 Iowa, 220; *State v. Hemsworth,* 112 Iowa, 1. We have no difficulty here as to the distinction between residence and domicile. If deceased had abandoned his residence in Clutier, and voluntarily removed to Belle Plaine, the latter was the place of his residence and his domicile at the time of his death, for he had no other residence. If deceased actually removed from Tama County with a definite intention of not returning, then the court of that county had no jurisdiction to grant administration on his estate, and properly refused to entertain the supplementary proceedings against the defendants, and the question whether there was such residence in Benton County

2. SAME.

as to justify the administration of his estate in that county was really immaterial.

· Errors are assigned in the admission of evidence over defendants' objection as to the contents of letters written by deceased to his daughter, Mrs. Baker, with regard to his intention to leave Clutier and reside with her. As already indicated, it was proper to show decedent's previous intention as throwing light on his purpose in voluntarily consenting to be removed from Clutier to Belle Plaine.

**3. EVIDENCE: communications with decedent: conclusion.**

His former wife, not being a party to this proceeding, nor in any way interested therein, was not incompetent under Code, section 4604, 4607, to testify as to the contents of these letters which she had read and which had been subsequently destroyed. Mrs. Baker as a witness simply identified the letters, and was not asked to testify as to their contents. Objection was also made to a question asked the former wife as to whether deceased was conscious when she was with him at Clutier. This question was not objectionable as calling for a conclusion, for it related to a fact within the witness' observation.

There was no inconsistency in the action of the court in dismissing the proceedings against these defendants without canceling the letters of administration in Tama County. Defendants had not asked that such letters be canceled, and it was immaterial to them whether the administrator appointed in Tama County should continue to attempt administration on the estate of deceased. The relief which defendants sought was to be discharged from the supplementary proceeding in which it was sought to have them account for property of deceased alleged to be in their possession. This relief might properly be granted without canceling the letters of administration.

**4. SETTLEMENT OF ESTATES: supplementary proceedings: relief.**

We find no error in the record, and the judgment is *affirmed.*