S. Z. BATTEN, Appellant, v. SNEARLY BROTHERS et al.,
Appellees.

INTOXICATING LIQUORS: Nuisance—Action by Citizen to En-
1 join—Control by County Attorney. The consent of the county
attorney does not authorize the court to dismiss an action to
abate a liquor nuisance against the wish of the citizen plaintiff,
prosecuting by an attorney of his own choosing, Sec. 2406, Sup.
Code, 1913, providing that no such action shall be dismissed
until the county attorney has been notified of such contem-
plated dismissal and has reported thereon, being solely to prevent
abuse of process and not to override the citizen plaintiff or his
attorney who desire to prosecute.

INTOXICATING LIQUORS: Nuisance—Action to Abate—Right to
2 Full Trial on Merits. A citizen plaintiff, seeking to abate a
liquor nuisance, cannot legally be forced to final hearing on the
merits on *ex parte* affidavits, Sec. 2405, Code, only contemplating
the use of such evidence on hearing for temporary injunctions.

*Appeal from Polk District Court.*—HON. CHAS. S. BRADSHAW,
Judge.

THURSDAY, JANUARY 14, 1915.

SUIT to enjoin the maintenance of an alleged liquor
nuisance. A motion to dismiss was sustained and from this
ruling plaintiff appeals.—*Reversed.*

*H. H. Sawyer,* for appellant.

*Roe & Roe,* for appellee.

LADD, J.—A petition praying that defendants be re-
strained from maintaining a liquor nuisance was filed Feb-
ruary 13, 1912, and the original notice was served the 16th
and 17th days of the same month. Notice of
the hearing of an application for a temporary
writ was served and though defendants failed
to appear default was not demanded nor was
any order entered thereon. An answer by
way of a general denial was filed later and a motion by de-

1. INTOXICATING LIQUORS: nuisance: action by citizen to enjoin: control by county attorney.

fendants, supported by affidavits, asking that the cause be dismissed. These affidavits tended to show that illegal sales of liquor had not been made at the place of business in question and the county attorney expressed that opinion and consented that the motion be sustained on payment of costs by the defendants. This motion was sustained and the costs taxed to the plaintiff.

As will be observed, suit was instituted by a citizen who was represented by a lawyer other than the county attorney. This was authorized by statute and plaintiff was at liberty to employ any attorney he might choose. Sec. 2405 Code; Sec. 2406 Code Sup. *Fuller v. McDowell,* 75 Iowa 220; *Reusch v. Loserth,* 158 Iowa 227; *Brennan v. Roberts,* 125 Iowa 615.

Though the county attorney should be notified and given an opportunity to investigate and report before a motion to dismiss is ruled on, Sec. 2406 Code, this is for the purpose of avoiding abuse of the processes of the court

2. INTOXICATING LIQUORS: nuisance: action to abate: right to full trial on merits.

and advising it of the true situation and in no sense to supersede counsel in charge of the cause in the absence of any showing of bad faith. See *Sawyer v. Kelly,* 148 Iowa 644.

The consent of the county attorney then did not warrant the dismissal of the action and in so far as the record discloses, there had been no agreement to submit the issues raised on affidavits. Under Sec. 2405 of the Code an application for a temporary writ of injunction may be supported by "evidence in the form of affidavits, depositions, oral testimony or otherwise" unless the trial court or judge directs how it shall be presented in some other form. Final hearing on the merits, however, is on evidence, in conformity with the practice which obtains in the trial of equity causes generally. This being so, the plaintiff was entitled to have the cause set down for trial and a hearing on evidence adduced according to the usual practice obtaining in the trial of equitable actions.

The ruling on the motion defeated this right and without plaintiff's consent submitted the cause on *ex parte* affi-

davits. This was error and the cause is remanded for a hearing on the merits.—*Reversed*.

DEEMER, C. J., WEAVER and EVANS, JJ., concur.