W. C. ZELLMER, Appellee, v. STEPHEN MCTAIGUE, Appellant.

**EVIDENCE:** Opinion—What Is Not—Whether Two Objects Met.
1  Whether two passing objects hit each other is a statement of fact by a witness in position to see, and not an opinion.

PRINCIPLE APPLIED: An automobile passed a team. Plaintiff claimed the automobile hit one of his horses and injured it. A witness in a position to see was refused permission to state whether or not the automobile hit the horse. *Held,* error; also that if the witness was not in the best position to see, his opinion whether the automobile hit the horse was admissible for what it was worth.

**DAMAGES:** Injury to Property—Cost of Repairs—Reasonable Value
2  **Thereof.** *Cost* of repairs is not the measure of recovery for a wrongful injury to property. Such cost must be shown to be the reasonable value of the repairs, especially when there is no evidence as to the nature of the injury to the property.

**HIGHWAYS:** Laws of the Road—Instruction Without Support in
3 · **Evidence.** An instruction having no support in the evidence should not be given. So held with reference to a collision on the public highway.

PRINCIPLE APPLIED: Plaintiff was *overtaken* on the public highway and turned his team to the right and entirely outside of the traveled path. Defendant, without leaving the traveled path, drove his automobile past plaintiff's team and, according to plaintiff's claim, hit the team, or at least frightened it, and caused it to run away, with resulting damages. The court instructed as to defendant's liability under the statute (Sec. 1569, Sup. Code, 1913) if, in passing, he turned back into the road within 30 feet of the team and such turning back was the proximate cause of the accident. *Held,* error, because having no support in the evidence.

APPEAL AND ERROR:   Quotient Verdicts—Instructions Against—
4 Discretion of Court.   Instructions cautioning the jury against
"quotient" verdicts held unobjectionable.

*Appeal from Guthrie District Court.*—HON. LORIN N. HAYS,
Judge.

FRIDAY, JUNE 18, 1915.

ACTION to recover damages for the killing of one of plaintiff's horses, for injuries to another, and to a wagon and harness, due to the alleged negligence of defendant in carelessly driving his automobile so close to the horses that they became frightened and ran away. There was a denial of all negligence on defendant's part, and on the issues thus tendered, the case was tried to a jury, resulting in a verdict for the plaintiff for the sum of $300.00, and defendant appeals. —*Reversed.*

*Carl P. Knox* and *Lynch & Byers,* for appellant.

*A. M. Fagan* and *Milligan* and *Moore,* for appellee.

DEEMER, C. J.—Plaintiff intrusted his team and wagon to a young woman eighteen years of age, who was accustomed to handling horses, to drive the same from his market place to his home in the country, some two or three miles distant. This young woman had been working both inside plaintiff's home and out of doors, occasionally in the fields, and the implication is that she was a strong and rugged girl.

The team, in so far as plaintiff knew, was gentle and safe, and there is nothing amounting to affirmative proof that the wagon was not in condition. The wagon had two boxes upon it, and on top of the upper one there was a spring seat upon which the driver was seated. The lower box was half full of lumber. Plaintiff lived southwest from the town of Casey, and when the woman who was driving the team homeward had reached a point some two miles west of the town, she came to a crossroad leading south toward plaintiff's home;

and just as she was turning the corner to go south, or about that time, an automobile passed her, going either west or south. This auto did not frighten her team, but having turned the corner and gone a short distance south, she heard another automobile coming, and to let it pass, she drove to the west side of the north and south highway, entirely outside the beaten path, and there either stopped or slowed down her team to allow the machine to go by.

At that time, another team was coming from the south; and as it approached plaintiff's team, it started to turn out of the road, and as it got nearly to where plaintiff's team was, enough space was left between the two teams so that defendant drove his automobile between them. The driver of the northbound team signaled defendant to stop or slow down, but whether he did so or not is a matter of sharp dispute. Some of the witnesses testified that he drove through practically between the teams at a high rate of speed, and that the machine either struck one of the plaintiff's horses or was driven so close to it as to frighten it, thus causing the team to run away and to do the injury and damage complained of.

Other testimony was adduced to the effect that, upon signal, defendant brought his machine practically to a stop; that, with the consent of the man driving the northbound team, he (defendant) speeded up his car, went by plaintiff's team without frightening it, and passed to his destination, oblivious of the fact that plaintiff's team had thereafter been frightened and had run away, doing the damage complained of.

There can be no doubt, under the record, that the woman driving plaintiff's team went entirely out of the beaten track and off onto the grass at the west side of the highway, and that the team was there stopped for the purpose of allowing defendant's auto to pass, and that she gave no signal to stop or slow down; and there is no testimony that the team became frightened until the auto was directly abreast of the

team, or until it struck one of the horses, as one of plaintiff's witnesses testified.

So that one of the material questions in the case was whether or not the machine struck one of the horses. Defendant produced a witness who was in an adjoining field and he was asked as to whether or not the automobile struck either of the horses. He answered that he did not think it did. The answer was stricken as being a conclusion of the witness. He was then asked to state as a fact whether the machine struck either horse, but was not permitted to answer. These rulings were erroneous. The witness was in a position to see, and whether or not the automobile struck either of the horses was a fact and not an opinion, to which the witness might properly have testified. Indeed, even if his point of view were not the best, his belief as to whether the team was struck by the machine was a proper matter of inquiry, the weight of it being for the jury. It was not such an opinion as the law regards incompetent, because a mere conclusion of the witness. The matter could not otherwise be brought before the jury; for, as a rule, the only means of telling whether or not one object strikes another is by observation, and the belief of one as to whether or not there has been an actual collision is the only method whereby to arrive at the ultimate fact. *Scrimgeour v. Chase,* 145 Iowa 368, 372.

1. EVIDENCE:
opinion : what
is not:
whether two
objects met.

II. Without any description of the nature and kind of injury done to the plaintiff's wagon and harness, he was permitted to testify over objection as to what he paid for repairing the same. The fact that he was put to expense and that he paid, or became obligated to pay, was doubtless a material inquiry; but his measure of recovery was not what he paid or was charged, but the reasonable and proper charges for such repairs as were necessitated by reason of the injury to the property. The court instructed that he

2. DAMAGES :
injury to property : cost of
repairs :
reasonable
value thereof.

might recover fair and reasonable damages for the injury done; but aside from the testimony just referred to, there was no proof as to what these were.

While we would not reverse on this ground alone, we call attention to the matter in order that it may be corrected on a re-trial. The following authorities hold that such testimony is erroneous or not sufficient to justify such an instruction as was here given. *Carnego v. Coal Co.*, 164 Iowa 552; *Elzig v. Bales*, 135 Iowa 208.

III. The trial court gave the following among the instructions:

"Seventh—The statute provides that when a person in a vehicle shall approach another from the rear upon the public highway and desires to pass, it shall be the duty of the driver or operator of such vehicle ahead to give up half of the beaten path thereof, upon proper signal or request, by turning to the right. The vehicle approaching from the rear shall turn to the left, and shall not return to such road or path within less than thirty feet of the team or vehicle which has been passed; provided, however, that such vehicle need not give such right of way when it would jeopardize the safety of the driver or operator to do so.

*3. Highways: law of the road: instruction without support in evidence.*

"Testimony has been introduced upon the trial of this case tending to show that defendant in passing the team of plaintiff at the point of the accident turned into the road so near to the plaintiff's team that his auto struck one of plaintiff's horses, or came so near to the horse as to greatly frighten it and thereby cause the injury complained of. Should you find from the preponderance of the testimony that defendant at the time of the alleged accident was attempting to pass plaintiff's team on the highway, and you find that the driver of plaintiff's team had given the half of the beaten track by turning to the right, and you further find that the defendant returned to the track within thirty feet from plain-

tiff's team and so close as to touch said team or so close to it as to frighten it, and that the accident complained of was the proximate result of such close proximity to plaintiff's team, then and in such case defendant would be guilty of negligence in the operation of his said car, and if you further find that such negligence was the direct and proximate cause of the injury, then and in such case plaintiff would be entitled to recover of defendant such damages as the evidence satisfied you as reasonable men he has sustained, and which are the proximate results of such negligence, if you find defendant was negligent. The burden is upon plaintiff to establish these facts by a preponderance of the testimony before he will be entitled to recover upon this ground in the operation of his car.''

As already observed, there was no testimony to support this instruction. The driver of plaintiff's team had driven entirely out of the beaten track into the highway, and was waiting for defendant to pass with his machine. At no time did defendant drive out of the beaten path; and at no time, according to the testimony, did he return to the road in front of plaintiff's team. The statute to which reference was made in the instructions had no application to the case, and it should not have been given.

IV. The trial court, doubtless out of an abundance of caution, gave an instruction defining quotient verdicts, and warned the jury against adopting that method of fixing the damage. It was correct in law, and although somewhat unusual, we do not see how any prejudice resulted or could result to either party. Defendant's counsel say

**4. APPEAL AND ERROR: quotient verdicts: instructions against: discretion of court.**

that it was an invitation to the jury to return a verdict for plaintiff, but we are not impressed with the argument.

There may have been some reason for giving it in this particular case, and such instructions, as a rule, lie within the sound discretion of the trial court. No abuse of that dis-

cretion appears here; but for the errors pointed out, the judgment must be, and it is,—*Reversed.*

WEAVER, EVANS and PRESTON, JJ., concur.