ELNA HENRIKSEN, Appellee, v. CRANDIC STAGES, INC., Appellant.

No. 41785.

FEBRUARY 14, 1933.

REHEARING DENIED JUNE 23, 1933.

Barnes, Chamberlain, Hanzlik & Thompson, W. J. Keefe, and Maurice Pew, for appellant.

Crissman, Linville & Bleakley, and Wolfe, Wolfe & Claussen, for appellee.

STEVENS, J.—The collision which resulted in serious injuries to appellee occurred about 6:30 p. m. on the evening of December 19, 1930, a short distance west of Dewitt on the Lincoln highway. Appellee was riding with four companions in a Pontiac sedan driven by Edmund M. Turner. The party was preceded a short distance by another car occupied by two members of the same party. They were all on their way to Cedar Rapids to attend a Christmas party given by the Iowa Mutual Liability Insurance Company located in that city, of which they were employees. At a point a short distance west of Dewitt and near a bridge on the highway a passenger bus traveling eastward and belonging to appellant, driven by one Harold B. Workman, collided with the Pontiac sedan, killing the driver, his wife; and one other occupant of the car and seriously injuring appellee. The bus was proceeding on one of its regular trips from Cedar Rapids eastward. The bridge adjacent to which the collision occurred is eighteen feet in width with a cement floor and a steel span eighty feet in length. Adjoining the bridge on the east and for a considerable distance there is a railing on either side of the eighteen-foot paving. Shortly preceding the accident a snow or sleet storm had caused the pavement to be covered with snow or ice. The traffic, however, had worn this covering away in the center of the pavement.

It is alleged in the petition that the driver of the bus failed to yield one-half of the traveled portion of the highway to the driver of the sedan and that he failed to operate the bus at a careful and prudent rate of speed with due regard to the traffic, condition of the surface, and width of the highway.

The foregoing issues of negligence were alleged and submitted to the jury. The evidence is in conflict as to the exact position of the bus on the highway at the time of the accident and as to the

cause thereof. We shall later refer in greater detail to the testimony relating to the collision.

The answer of appellant is in two counts—count one consisting of a general denial, together with admissions of certain material facts. In count two appellant set up a complete defense based upon the Workmen's Compensation Laws of the state of Illinois (Smith-Hurd Rev. St. Ill. 1931, c. 48, sections 138-172).

Appellee resided in Chicago and was an employee of the Iowa Mutual Liability Insurance Company in that city. Prior to the commencement of this action, she was paid the compensation allowed, under the laws of Illinois, by her employer, for the injuries involved herein. It appears from the allegations of count two of appellant's answer that, under the law of Illinois, where an injury is inflicted under circumstances creating a legal liability against a third party, who is also under the Workmen's Compensation Law of that state, upon payment of the compensation thus allowed, the employer becomes subrogated to the rights of the employee and may maintain an action against such third party to recover the amount paid as compensation to the employee. A demurrer to count two of the answer was interposed by appellee and sustained by the court. Appellant thereupon elected to stand on its pleading and refused to plead over.

There is no dispute between counsel as to the law of Illinois. It is conceded by counsel for appellee that, if the compensation statutes of Illinois are applicable to the facts of this case, then the action is not prosecuted in the name of the real party in interest and the demurrer should have been overruled.

It is further alleged in count two of the answer that appellant is an Iowa corporation having its principal place of business in the city of Cedar Rapids and that the driver of the bus is a resident of Iowa and employed under a contract made in this state. It is also alleged by appellant that it operates motor buses between Cedar Rapids and Moline, Illinois, and that it has certain employees in the latter state who reside therein. The statute of Illinois is apparently without ambiguity and, under the decisions of that state, subrogation results in favor of the employer only if the injuries were caused by a third party who is also operating under the law of Illinois. Goldsmith v. Payne, 300 Ill. 119, 133 N. E. 52. That is to say, the employer, employee, and the third party causing the injuries must all be under the Workmen's Compensation Law of the

state of Illinois. Appellant, as stated, is an Iowa corporation having its principal place of business at Cedar Rapids. The employment of the driver of the bus who resided herein was in this state. The sole hypothesis upon which appellant bases its contention that it was at the time of the accident operating under the Workmen's Compensation Law of the state of Illinois is that its operation extends into that state where it has certain employees who reside and perform their services therein. The statutes of the state of Illinois will not, by the courts of this state, be given extraterritorial effect. We know of no rule of comity or principle of law which requires the courts of one state, under the circumstances of this case, as alleged in count two of appellant's answer, to give application or effect to the law of a sister state. The rights of the parties are, in such case, governed by the law of this state where the accident occurred. Redfern v. Redfern, 212 Iowa 454, 236 N. W. 399; Brewster v. C. & N. W. Ry. Co., 114 Iowa 144, 86 N. W. 221, 89 Am. St. Rep. 348; Hyde v. St. L. & P. Railway Co., 61 Iowa 441, 16 N. W. 351, 47 Am. Rep. 820; Chicago, R. I. & P. Ry. Co. v. Lundquist, 206 Iowa 499, 221 N. W. 228; Podgorski v. Kerwin, 144 Minn. 313, 175 N. W. 694.

The relations of appellant and its employees in this state, so far as the Workmen's Compensation Law may be involved, are under the laws thereof.

This case differs materially from the facts involved in Bradford Electric Light Co. v. Clapper, 286 U. S. 145, 52 S. Ct. 571, 76 L. Ed. 1026. That was an action brought in New Hampshire by a resident of Vermont to recover damages on account of the death of an employee of the electric light company, also a resident of Vermont. The statute of Vermont by its terms, was specifically made applicable to any injury received by an employee within or without that state. The Supreme Court of the United States held that the plaintiff could not recover damages under the common law against the defendant in the courts of New Hampshire for the reason that the statute under which the deceased was employed was, as already stated, by its terms made applicable to injuries received by an employee without, as well as within, the state of Vermont. The court further held that this conclusion did not give extraterritorial effect to the statute. The ultimate principle of the Bradford case was recognized by this court in Pierce v. Bekins Van & Storage Co., 185 Iowa 1346, 172 N. W. 191.

Clearly, the appellant, at the time of the collision was not operating its line under the laws of Illinois and subrogation did not result from the payment of compensation.

II. Some of the witnesses for appellee who testified concerning the movement of the bus immediately preceding the collision were permitted, over the objections of appellant, to state that the bus seemed to be over the black line to the north; that, in the mind of the witness, it was, in fact, too far north, and other similar testimony. Motions to strike the testimony upon the ground that it constituted the mere opinions of the witnesses rather than the statement of facts were overruled. The witnesses were occupants of the Pontiac sedan and were observing the bus as it approached. The bus was lighted and displayed bright headlights. It is true that the language of the witnesses partook somewhat of the nature of conclusions but they were such as a witness is permitted, under such circumstances, to express. Zellmer v. McTaigue, 170 Iowa 534, 153 N. W. 77; Albaugh v. Shrope, 197 Iowa 844, 196 N. W. 743. The testimony was admissible, its weight and value being for the jury.

One of the witnesses answered that she was certain in her own mind that the left wheels of the bus were north of the black line in the pavement. She was, however, uncertain, and, on cross-examination, said she would not swear to it. It is obvious that from the observation of the witness the bus appeared to be over the line, but she was not entirely sure that it was. The weight of this evidence was for the jury. The objections were properly overruled. Other assignments relating to the admission of testimony are without merit and need not be given independent discussion.

III. It is strenuously contended by appellant that its motion for a directed verdict made at the close of the evidence should have been sustained upon the ground that the evidence was wholly insufficient to establish causal connection between the alleged wrongful or negligent acts of the appellant and the injuries complained of. At least one witness testified definitely that the left wheels of the bus, as already stated, were at least one foot north of the black line in the center of the pavement.

Appellee's witnesses testified that the bus was traveling at a high rate of speed, that is at forty or forty-five miles per hour. The bus was behind schedule. It appears without dispute in the evidence that the outer edges of the pavement were covered to some extent at least by snow or ice. The car in which appellee was riding ap-

proached the bus from the east. It is not claimed that it was not being driven on the right side of the black line. The jury may well have found that the speed of the Pontiac did not exceed thirty or thirty-five miles per hour. The driver of the Pontiac who, as stated, lost his life in the collision could not have turned to the right for the purpose of avoiding a collision with the bus. The space between the railing on each side of the pavement was only eighteen feet. Apparently realizing that a collision was imminent between the sedan and the bus, the driver of the former, according to the testimony of some of the witnesses put on the brakes and turned as far as possible to the right. The sedan apparently suddenly slid across the pavement directly in front of the bus. The direct testimony does not disclose just how the collision occurred. At any rate the sedan was caught and carried by the bus a considerable distance east of the point of collision. The jury might well have found from the evidence that the bus was hugging closely to the center of the pavement where the ice and snow had been worn away and that the driver did not yield one-half of the road for the use of the approaching sedan. There is evidence to the effect that the bus, when stopped, was on the south side of the pavement and in its proper place upon the highway. Circumstances also were shown which tended to negative the grounds of negligence alleged in the petition and submitted to the jury. It is also argued that certain physical facts show conclusively that the witnesses for appellee were at fault in their testimony. A careful reading of the record, however, discloses such conflict in the evidence as to present proper issues of fact for the jury. It cannot be said that the evidence was in equipoise or that appellee wholly failed to make out a case by the greater weight of the evidence.

IV. Exception was taken to certain remarks of counsel for appellee in the closing argument to the jury. Appellant, in the absence of the jury, moved that the panel be discharged and for a continuance of the case. The reference in the argument of counsel to the corporate capacity of appellant was manifestly improper. It was not repeated or persisted in after the attention of the court had been called to it. The objection on behalf of appellant was sustained by the court and the jury immediately instructed to give no heed or consideration to the statements complained of. It is scarcely possible to believe that the jury following the prompt objection of counsel, the admonition and instructions of the court, could have

been prejudiced by the remarks of counsel. The judgment should not be reversed upon the ground here urged.

V. It is also urged that the verdict, which was for $12,000, was so excessive as to evidence passion and prejudice on the part of the jury. The verdict is large but the injuries received and the suffering of appellee were very great. The bones of one leg, which were broken, did not heal promptly and a long siege in hospitals and treatment by physicians resulted. At the time the testimony of her physician was taken, appellee's injuries, to some extent, persisted. There was great impairment of the motion of her leg. Her face was cut and scarred and she received a severe injury to her tongue. She has recovered from the latter injury. The extent to which she will suffer pain and inconvenience in the future cannot be determined. It is true that the slow process of healing was due in some measure to a tubercular condition which, according to the testimony of the physician, existed at the time of the accident. Notwithstanding the size of the verdict, we cannot, in the light of the injuries received, properly hold that the verdict is the result of passion and prejudice.

We find no reversible error in the record and the judgment is accordingly affirmed.—Affirmed.

KINDIG, C. J., and MITCHELL, ANDERSON, and KINTZINGER, JJ., concur.