## FOSTER v. DENNY MOTOR TRANS-FER CO.

### No. 6669.

Circuit Court of Appeals, Seventh Circuit.
Dec. 3, 1938.

---

[4] City of Tyler v. Jester, Tex.Civ.App., 74 S.W. 359.

James J. McKenna, Sol W. Harris, and Louis Gershon, all of Chicago, Ill. (James J. McKenna and Burrell J. Cramer, both of Chicago, Ill., of counsel), for appellant.

John M. Tuohy, of Chicago, Ill., for appellee.

Before EVANS and TREANOR, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

Two questions are raised on this appeal: (a) The sufficiency of the evidence to support the verdict, and (b) the court's denial of defendant's effort to show that the plaintiff's employer and defendant were operating under, and subject to, the provisions of the Illinois Workmen's Compensation Act, Ill. Rev.Stat.1937, c. 48, § 138 et seq.

(a) The defendant's contention that the evidence failed to present a jury question must be rejected in the light of all the evidence. Although the weight and credibility of plaintiff's testimony is vigorously and rather persuasively assailed by defendant's counsel, we fear he has somewhat confused the province of the court and the jury in cases of this kind. Our inquiry must, of course, be directed to the ascertainment of the existence of substantial evidence to support the verdict, not to weighing the evidence. While counsel assert their acceptance of this rule, defendant, nevertheless, both on oral and written argument, vigorously challenges the veracity and the probity

of plaintiff's word under oath. Upon the success of this contention, he bottoms his argument for a directed verdict.

The death of four of the parties who might, otherwise, have thrown light upon the accident left the plaintiff the sole witness thereto and to the precise operation and movements of the truck and the automobile. While he was an interested party and his testimony was subject to critical analysis and to the attack made upon it by defendant's counsel, it could not be ignored when determining defendant's motion for a directed verdict, especially as it was somewhat supported, rather than disputed, by other testimony.

Plaintiff testified that the truck passed from the right to the left hand side of the road just before the accident. Some corroboration of this statement is to be found in the testimony of a third party who lived in a house a short distance away. He said he was looking out of a window in the basement of his house and observed the truck which was then on the left side of the highway.

There is still other evidence which confirms plaintiff's testimony more impressively,—namely, the tracks which the wheels of the truck made when skidding upon the highway as the two vehicles crashed together. Two witnesses testified to the location of these tracks and the photographs taken shortly after the accident disclosed marks upon the highway which might well have been the tracks made by the wheels of the truck just as it crashed into the automobile. They were so described by two disinterested witnesses who were on the spot shortly after the accident and before any change in the situation had occurred.

Elaboration of the evidence, and a recital of the established facts which served to discredit witnesses and testimony, and a recital of the conflicting theories of counsel who have studied the facts and evolved numerous postulates therefrom are hardly justifiable. That a jury question was presented we have no doubt. In fact, plaintiff's testimony alone made defendant's negligence a jury question. For if the jury accepted it and concluded that the truck passed quickly from the right to the left side of the cement highway just before the head-on collision, negligence on defendant's part was disclosed.

(b) Defendant complains because of the court's refusal to permit it to amend its answer at the end of the first day of trial. This amendment, had it been allowed, would have added an entirely different defense.

In disposing of the motion the court said:

" * * * I think it was not presented in apt time, but I would pass that if I thought that the plea made a good defense. I do not think it does and so I am overruling it for two reasons, because it is not presented in apt time and no showing that it was presented in apt time, and for the further reason that it does not present a defense."

By this amendment defendant sought to set up an alleged defense, which traces its origin to a section of the Illinois Workmen's Compensation Act. In this proposed amendment to its answer, defendant alleged that the company by whom plaintiff was employed and it were both bound by and operating under the Illinois Workmen's Compensation Act. Defendant alleged also it "was subject to" the Indiana Workmen's Compensation Law, Burns' Ann.St.Ind.1933, § 40-1201 et seq., its transportation business covering Indiana as well as Illinois.

Section 29 of the Illinois Act, Ill.Rev. Stat.1937, c. 48, § 166, is set forth in the margin.[1]

[1] "Where an injury or death for which compensation is payable by the employer under this Act was not proximately caused by the negligence of the employer or his employees, and was caused under circumstances creating a legal liability for damages in some person other than the employer to pay damages, such other person having also elected to be bound by this Act, or being bound thereby under section three (3) of this Act, then the right of the employee or personal representative to recover against such other person shall be transferred to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained, in an amount not exceeding the aggregate amount of compensation payable under this Act, by reason of the injury or death of such employee.

"Where the injury or death for which compensation is payable under this Act was not proximately caused by the negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages on the part of some person other than the employer to pay damages, such other person having elected not to be bound by this Act, then legal proceedings may be taken against such other person to re-

Defendant argues that it stated a good defense to plaintiff's cause of action, and the motion to amend its answer should have been granted.

Rejecting the contention of plaintiff's counsel that the District Court in the exercise of its discretion denied defendant's motion to amend because made too late,[2] we come directly to the sufficiency of the proposed amendment to state a good defense.

There are several interesting and, at present, unsettled legal questions raised by this proposed defense,[3] but it is sufficient for the court's decision of this case to rest our conclusion upon the proposition that, if any limitation upon plaintiff's right to recover the full damages by him suffered, exists, it must be traceable to an Indiana statute or decision.

The following facts are significant and controlling. Plaintiff was injured in Indiana. Defendant was a third party who was sued for damages for its negligence which resulted in plaintiff's injuries. No employer-employee relation existed between plaintiff and defendant. They were strangers. Defendant was an Indiana corporation engaged in inter-city and interstate business and was subject to the Workmen's Compensation Law of Indiana. It was also under the Illinois Compensation Law as was plaintiff's employer.

Defendant's proposed amendment, as set forth, has assumed, as the basis of its defense, the applicability of section 29 of the Illinois Workmen's Compensation Law.

It may be and is assumed that as between plaintiff and his employer the Illinois Workmen's Compensation Law applied, although the employee's injury occurred in Indiana. But an action to recover damages for negligence resulting in an injury which occurred in Indiana, against an Indiana corporation operating under the Indiana Workmen's Compensation Law, presents a different fact situation. Before the injured plaintiff will be denied the recovery of his full amount of damages against a tort feasor who is a stranger to him and with whom he has no contract relation, either express or implied, there must be a statute which validly limits the amount of his recovery. Ordinarily to take away a cause of action which exists at common law, in favor of one who is injured, against a tort feasor whose negligence caused the injury in the state of Indiana, the Indiana Act must be consulted. However, it is true, the workmen's compensation acts of the various states do validly limit the amount of recoverable damages. Their validity rests upon the employer-em-

---

cover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee or his personal representative and judgment is obtained and paid, or settlement is made with such other person, either with or without suit, then from the amount received by such employee or personal representative there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee or personal representative.

"If the injured employee or his personal representative shall agree to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the said employer may have or claim a lien upon any award, judgment or fund out of which such employee might be compensated from such third party.

"* * * * * * * *

"In the event the said employee or his personal representative shall fail to institute a proceeding against such third person at any time prior to three months before said action would be barred at law said employer may in his own name, or in the name of the employee, or his personal representative, commence a proceeding against such other person for the recovery of damages on account of such injury or death to the employee, and out of any amount recovered the employer shall pay over to the injured employee or his personal representative all sums collected from such other person by judgment or otherwise in excess of the amount of such compensation paid or to be paid under this Act, and costs, attorney's fees and reasonable expenses as may be incurred by such employer in making such collection or in enforcing such liability."

[2] Judge Barnes: "I think it was not presented in apt time, but I would pass that if I thought that the plea made a good defense."

[3] For extensive annotations on the "Rights and Remedies where employee was injured by a third person's negligence," see 106 A.L.R. 1040, 88 A.L.R. 665, 67 A.L.R. 249, 37 A.L.R. 838, 27 A. L.R. 493, 19 A.L.R. 766.

ployee relation and the existence of an implied contract or acquiescence of parties through silence. State Industrial Comm. of New York v. Nordenholt Corp., 259 U.S. 263, 42 S.Ct. 473, 66 L.Ed. 933, 25 A.L.R. 1013.

■ Likewise, where two employers are both operating under a state workmen's compensation act, and the employee of one employer is injured through the negligence of the other employer, there may be, and in Illinois is, a valid limitation of the amount which the injured employee may recover from the stranger employer. City of Taylorville v. Central Illinois Pub. Serv. Co., 301 Ill. 157, 133 N.E. 720.

A court might go so far as to hold that the common law liability of the second employer may be restricted in another state, if the legislative act of the state where both employers reside and where both have chosen to act under the workmen's compensation law and the employee acquiesces, so provides. Even then, however, we would not have the present case, for here the defendant whose tortious action caused the plaintiff's damage was an Indiana company which had complied with the Indiana Compensation Act, and the employer of the injured employee was not operating under said Indiana compensation act.

■ The validity of a statute which limits the amount of the recovery against a tort feasor is due to the existence of a contract relation arising out of the employer-employee status and to the existence of police powers on the part of the sovereign. The theory seems to be, where the limitation of the common law liability against a stranger tort feasor is embodied in a legislative provision similar to section 29 of the Compensation Act, that the restricted liability of the tort feasor is limited to cases where the tort feasor is also an employer and subject to the same state compensation act.

In short, the theory is built on a contract relation arising out of the employer's action in subjecting itself to the Illinois Compensation Act and the employee's acceptance of employment with an employer who is subject to said act. This action by employer and employee gives rise to an implied contract. This theory is carried one step further when the stranger tort feasor is relieved from liability because it, too, is operating under said act. Implied acquies-cence in the terms of the law, by all parties, is assumed.

■ Quite different is the situation where the tort feasor is an Indiana corporation operating under the Indiana Compensation Law, which is dissimilar to the Illinois Act and which has no section similar to section 29 of the Illinois Act. Courts cannot assume an implied contract based on acquiescence when one employer is operating under two state compensation acts which are not alike. Especially is this true where the liability sought to be enforced is for a tort and against one who does not occupy toward the injured party the relation of employer-employee. The contract relation theory becomes somewhat imaginary and illogical when the employee of the Illinois corporation is injured by an Indiana corporation in Indiana.

In Goldsmith v. Payne, 300 Ill. 119, 133 N.E. 52, the court recognized a limitation to the applicability of section 29. It held the section not controlling where the injured party was engaged in interstate commerce, although the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., had no application to him.

The court there said [page 53]:

"Therefore, when engaged in interstate commerce the appellee and his employees so engaged are not bound by the act, and he is not entitled to the benefit of the provisions of section 29 in favor of employers who are bound by the act."

In the case of Henriksen v. Crandic Stages, 216 Iowa 643, 246 N.W. 913, we have a case closely in point. It is not necessary for this court to accept the rule laid down there, however, for the facts in the instant case are distinguishable and much stronger. The defendant's action in subjecting itself to the Workmen's Compensation Act of Indiana, its resident state, refutes any implication that there was an implied agreement that bound it and all other employees whose employers operated under the Illinois Act to apply section 29 of the Illinois statute in Indiana when an injury in that state took place. With more logic it should say the Indiana Act modified the Illinois Act. There exists no basis under such circumstances for holding the employee of another party to an implied agreement to abide by the Illinois statute not in harmony with the Indiana statute.

The judgment is affirmed.